### HENRY GREENE *v.* THOMAS SOUTHWORTH.

[Abstract Kentucky Law Reporter, Vol. 2—233.]

**Consolidation of Causes.**

> When a number of actions between two parties have been consolidated, the judgment in the consolidated cause will be treated as if there was but one action or one petition containing several counts.

**Execution of Note on Sunday.**

> Where a note is executed on Sunday in lieu of another note for a like amount, its validity not being in question, and the old note delivered up to the debtor, before he can avoid the obligation to pay he must return, or offer to return, the consideration received for it, which in that case is the old note.

### APPEAL FROM OWEN CIRCUIT COURT.

February 26, 1881.

OPINION BY JUDGE PRYOR:

The actions between these parties having been consolidated, the judgment will be treated as if there was but one action or one petition containing several counts, and as the judgment is final as to some of the claims the case will be disposed of on its merits. While it was, no doubt, intended by the court below to credit the sum due for the land by the deficit in the quantity, it has not been done, and for that error must be reversed. There is some conflict in the testimony as to the number of barrels of whisky delivered by the appellant to the appellee.

The amended answer of Greene in case No. 1252 only claims a credit of 28 barrels of whisky at a fixed price, and this sum has been adjudged for the appellant, and we find no other credit for whisky paid on the land asserted in any pleading by the appellant. The other whisky (three barrels) appellant has credit for on the Belden notes. The fourth barrel is the only one in controversy, and whether appellant received that or not is involved in much

doubt. Having accounted for 31 barrels, and the proceeds or value having been credited to the account of appellant and applied by the chancellor, we see no reason for disturbing the judgment in that particular. As to the $25 difference in the exchange of lands, we are satisfied no legal obligation rested on appellee to pay it, and if there did, it seems from the proof that the appellant failed to comply with his contract with Southworth in reference to the condition of the horse, and if not, his remedy is against him for the money. The judgment having been rendered at the November term, 1875, on the note for $226.30, for all the amount not credited the appellant on the final hearing, and having been allowed a credit for $191.65 for whisky, a judgment should have been then rendered for the amount due on that part of the note in contest, and on the return of the cause the judgment should be so entered with reference to this note.

As to the execution of the note on Sunday, it seems that it was executed in lieu of another note for a like amount, its validity not being questioned, and the note delivered up to the appellant. Before the latter can avoid the obligation to pay, he must return or offer to return the consideration received for it. It would be unjust to cancel the note in controversy and permit him to retain the note delivered to him.

For the errors indicated the judgment is *reversed* and cause remanded for further proceedings.

*Strother & Orr, for appellant.*

*Geo. C. Dane, for appellee.*

[Cited, *Hale v. Harris,* 28 Ky. L. 1172, 91 S. W. 660, 5 L. R. A. (N. S.) 295.]